## Soulard, Respondent, *vs.* Lane, Appellant.

A. conveyed to B. real estate to be held in trust for A. until a certain sum was paid, and afterwards in trust for the separate use of the wife of C. At the same time, A. executed an agreement to complete improvements then in progress on the property, in a specified time and manner. *Held,*

1. Although C.'s wife assumed no personal obligation to pay the stipulated price, yet payment could be enforced against the property itself.

2. She is entitled to a deduction from this sum, to the extent of any loss sustained by a failure of A. to comply with his contract to complete the improvements.

3. The rule which would prevent A. from recovering any part of the price, unless he had strictly complied with his contract, is only applicable where a defendant is resisting a personal judgment, because of a failure of plaintiff to have work done according to a contract.

*Appeal from St. Louis Circuit Court.*

This was a civil action, commenced by Soulard on the 3d of November, 1849, against Margaret B. Lane and others, to foreclose a deed of trust and to subject the trust property to the payment of the purchase money.

The petition stated that the plaintiff and his wife, on the 6th of April, 1846, in consideration of nine thousand dollars to be paid in four annual instalments, beginning October 15th, 1846, and bearing interest from that date, conveyed to the defendants, Clark, Churchill, Barret, Frémon and Reber, certain lots of ground in Soulard's Addition to the city of St. Louis, in trust for the following purposes : " That, whereas, the said lots had been purchased from said Soulard for the sole and separate use of the defendant, Margaret B. Lane, to be paid for out of her separate estate, in instalments as above set forth, and it was provided and stipulated in the said conveyance, that if there should be a failure to pay any of the instalments, when they became payable, or any interest thereon, the said trustees, Clark and others, or any one of them, might sell the lots at public auction, to the highest bidder, for cash, on twenty days' notice ; and upon such sale should pay the plaintiff the said purchase money, and the residue of the proceeds of the sale, if any, was to be paid to the defendant, Mrs. Lane. The said conveyance was expressed to be made on the further trust that, if the plaintiff should be fully paid the purchase money, with interest, then the trustees should suffer Mrs. Lane to hold and enjoy the lots as she should think proper, should convey the same according to her direction, and should hold the same for the sole use of herself and her heirs."

The petition states that the whole of the purchase money and interest was due and unpaid ; that the defendant, Mrs. Lane, is in possession of the lots, and has been in possesssion of the same, ever since the autumn of the year 1846 ; and prays that judgment may be rendered for the said debt, the

equity of redemption be foreclosed, and the lots sold to satis-fy the debt, interest and costs. A copy of the deed of plaintiff and wife was filed, as an exhibit, with the petition.

None of the defendants, except Mrs. Lane, answered. And she, by way of answer, admitted that she had purchased the lots described in the petition from plaintiff, and that they were conveyed at the time and in the manner alleged, but denied that she agreed to pay the sum of nine thousand dollars for them ; and alleged that they were sold to her at twelve dollars per foot, and that she only agreed to give that sum, because she was in want of a house, and that there was then a house in progress of erection on the lots ; that before the sale to her, the plaintiff had made arrangements to improve the ground for his own use, and for that purpose, had made his plans and had entered into contracts with architects, builders and others, for the completion of his improvements according to the plans, specifications, &c. ; that before the sale, the plaintiff exhibited to her the house then in progress, and also all his contracts, plans and specifications, for the completion of the house and other improvements, &c., and offered to convey the ground to her and complete the house and improvements, as originally contemplated ; and that she was to pay the said sum of nine thousand dollars for the ground, and the improvements then thereon and afterwards to be put thereon by the plaintiff. The answer further states, that on the 6th of April, 1846, the plaintiff entered into an article of agreement with said Clark, Churchill and Barret, whereby he bound himself to complete the house and other improvements in the manner originally intended, and according to the plans and specifications referred to in the article, at his own cost, by the 15th of October, 1846. The article of agreement and the plans and specifications therein referred to were all filed as exhibits, except specification No. 1, which was missing. By the article, Joseph Foster was superintendent of the work to be done. The answer proceeds to aver, that the plaintiff had not complied with his contract with her or her trustees in any particu-

lar; that neither the house nor the other improvements were completed by the 15th of October, 1846; that the house was not yet finished; that such parts as are pretended to be complete, are not done according to contract; that the materials are inferior and defective; that the house and other improvements are grossly slighted, and are altogether inferior to those called for by the contract; in short, that all the work and materials were inferior, defective, &c., &c.  The answer says, that the defendant, Mrs. Lane, went into the house about the 15th of October, 1846, with the plaintiff's permission, and has been living there ever since, without objection on his part; that when she bought the lots, she was a married woman; and that some time in the year 1847, her husband, James S. Lane, fell out of one of the windows of the house, in consequence of its being unfinished, and was killed, and that if the plaintiff had completed and fulfilled his contract, her husband might still be alive : by reason of all which, she, the defendant, does not owe the plaintiff any thing, but claims ten thousand dollars damages.

Upon the trial, the plaintiff read the deed to the defendants and rested.

The defendant, Mrs. Lane, gave in evidence a contract, dated April 6th, but executed (apparently) April 13th, 1846, between the plaintiff and Clark, Churchill and Barret, as trustees of Mrs. Lane, in which the plaintiff, in consideration that Mrs. Lane had bought the lots and agreed to pay nine thousand dollars therefor, and that, at the time of the purchase, it had been agreed that the plaintiff should complete the house in progress, agreed to finish the house, &c., according to the plans and specifications referred to, by the 15th day of October, at his own cost.  The defendant also gave in evidence specification No. 2, referred to in the contract, which designated how the plastering should be done; also, the painting, the kind of window glass, the quality of paint, the quality of the hardware, locks, &c.; that the front and southern windows of the second story should have iron railings, costing six dol-

lars; there should be steps in front and rear of the house; that a stable should be built on the lots similar to Ridgway's; that the northern half of the lots should be graded by the 15th of October, 1846, and the balance by the 1st of October, 1847. The kind of fencing was also designated in the said specification, leaving Mr. Lane his choice, whether the front fence should be a foot high or average a foot high, &c. The defendant, Mrs. Lane, then examined witnesses, whose testimony tended to show that the house was not completed by the 15th of October, 1846, and that the workmanship and materials were inferior to those required by the contract. It also appeared from the testimony on both sides, that James S. Lane, the husband of the defendant, Margaret B. Lane, acted as her agent in reference to the completion of the house and other improvements on the grounds.

The plaintiff then called witnesses, whose testimony tended strongly to show, that the house was completed and the other improvements made with the best materials, and in the best and most workmanlike manner, and that, although they were not all completed by the 15th of October, 1846, the delay arose, in great part, out of the conduct of Mrs. Lane, her husband and family; that Mrs. Lane, with her husband, children and servants, moved into the house some time in September, before it was to have been completed.

It further appeared from the plaintiff's evidence, that the house was up and under roof, and that the door and window frames were in, and that the gutters and conductors were up, when the plaintiff sold the ground to Mrs. Lane; that the plaintiff began to build the house for himself, and no expense nor pains were spared, to make it the most substantial kind of a building, and such it was, and that it had already cost plaintiff considerably over $4000, when he sold the ground to the defendant. It also appeared, that the plaintiff had paid out more than $5000 for completing the house and improvements, after he sold to Mrs. Lane. In other words, the improvements he put upon the ground, cost more than he was to get for both

ground and improvements.  The evidence being closed, the plaintiff asked the following instructions, which were given :

1. The plaintiff is entitled to recover in this action the amount set forth in the deed of trust sued on, with interest, as therein stated, deducting therefrom any damages, if the jury find from the evidence that the defendant is entitled to any, for any failure in completing the work according to contract ; but no damages can be allowed for any such failure as to the time of finishing, or as to the kind or quality of the work, if the defendant, Lane, or her agents, caused such failure.

2. That no deduction is to be allowed, on account of the death of James S. Lane, from the amount of plaintiff's demand.

3. That no allowance nor deduction from the plaintiff's mand is to be made by the jury, for any defects in the house or improvements, if the same were owing, and so far as the same were owing to the acts or instructions or agreement of the defendant, Lane, or her husband, or to the presence of the defendant's family and acceptance of said house and premises by them.

4. That the defendant, Lane, by moving into said house, with her family, and occupying it with the lot and other improvements thereon, and by thus holding it and using it, from before the time limited for its completion down to the present time, if the jury find such possession and occupation is precluded from now rescinding the contract.

5. That the taking possession of the house and property in question, and occupying and using it from September, 1846, by the defendant, Mrs. Lane, up to the present time, if such be the fact, put it out of her power to decline paying the plaintiff for said property ; and, in that view of the case, the amount to be paid and for which the plaintiff is entitled to have judgment, is the whole principal and interest of the sums stated in the deed of trust sued on, if the work has been completed according to the contract ; but if the work has not been done

according to the contract, then the jury will consider how much such default has diminished the value of the property to Mrs. Lane, and they will deduct such diminution from the amount called for by the deed, if such diminution is owing to the fault or neglect of the plaintiff or his agents or workmen ; but any defect in the work, or failure to do it, according to the contract, or diminution of value, arising from the orders or interference or acts of Mrs. Lane, or her agents or family, is not to be charged to the plaintiff nor deducted from the amount to be paid him.

The defendant excepted to the giving of the above instructions, and then asked the following, which were also given :

1. If the jury believe from the evidence, that Margaret B. Lane went into the house before the same was finished, and that, whilst the work was in progress, plaintiff was informed by her or the superintendent, that the work was not done according to contract and could not be received, the act of moving into the house was not such an acceptance of the work on the part of the defendant as to prevent her from showing that the same was of less value or inferior to what was contracted for. If the jury believe from the evidence, that Margaret B. Lane agreed to pay the plaintiff $9000, for the property in question, upon condition that the plaintiff should complete and make the buildings and improvements contained in his contract, and in the manner therein stated, and that the plaintiff undertook and agreed to comply with said contract, but failed to do so, and such failure arose from the negligence or fault of the plaintiff, the measure of damages must be the sum agreed upon by the parties, minus the amount of money it would take to complete the buildings according to the contract.

2. The plaintiff is not entitled to a judgment in this case against the defendant, unless he prove that he has complied with the contract on his part, or was prevented from so doing by the defendant or her agents, or unless he prove that there was an acceptance of the work.

The defendant asked the following instructions, which were refused :

1. If the jury believe from the evidence, that the plaintiff has not complied with his contract entered into on the 13th day of April, 1846, for the completion of the buildings therein named, they will find for the defendant.

2. If the jury believe from the evidence, that the defendant, Margaret B. Lane, agreed to pay $9000 for the ground named in the plaintiff's petition, provided the plaintiff would complete certain buildings named in the article of agreement, according to the plans and specifications therein referred to, and in the time therein stated, the plaintiff cannot recover, unless he has complied with his agreement (and it is incumbent on the plaintiff to show a compliance on his part,) or unless the work has been accepted by the defendant.

3. If the jury believe from the evidence, that Margaret B. Lane was, at the time the contract was made for the purchase of the ground and buildings of the plaintiff, a married woman, they will find for the defendant.

4. If the jury are satisfied from the testimony, that Margaret B. Lane was a married woman on the 13th day of April, 1846, and find no evidence showing that she possessed separate property at that time, they will find for the defendant.

5. If the jury believe from the evidence, that the plaintiff sold the ground in question, and agreed to erect thereon certain buildings according to specifications, and to complete the same by a certain time for $9000 ; that he failed to comply with his contract, either in the time or in the manner in which the work was to be completed, they will find for the defendant, unless they believe there was an acceptance by the defendant.

6. If the jury believe from the evidence, that the plaintiff entered into a contract, binding himself to complete and make certain buildings and improvements therein set out, and in a manner and by a time therein stated, and that he has failed to comply with said contract, in any particular, they will find for

the defendant, unless they believe from the evidence, that he was prevented by the defendant.

7. The deed executed by the plaintiff and wife, conveying lots of ground in Soulard's Addition, to Samuel Reber, DuBouffay Frémon, J. Richard Barret, Samuel Churchill and M. Lewis Clark, is no evidence of any indebtedness on the part of the defendant, Margaret B. Lane.

8. If the jury believe that James S. Lane was the husband of Margaret B. Lane, and that he lost his life in consequence of the failure of the plaintiff to comply with his contract, the defendant is entitled to damages occasioned by the loss of her husband, if the jury believe from the evidence, that any damages were thereby sustained.

9. The defendant is entitled to the benefit of the rise in the value of the lots since the contract of purchase was made ; and in arriving at the value of the whole property, the ground must be estimated at the price agreed upon, or at its value at the time the purchase was made.

10. If the jury find from the evidence, that Margaret B. Lane never entered into any written contract for the purchase of the lots of the plaintiff, they will find for the defendant.

11. If the jury believe from the evidence, that Margaret B. Lane was, at the time the contract of purchase was made, a *feme covert*, they will find for the defendant, unless they believe from the evidence that her husband was a party to said contract and executed the same with her.

12. The contract, existing between the plaintiff and the trustees of Margaret B. Lane, cannot be changed or varied by any act of James S. Lane, or by any parol agreement between plaintiff and defendant, Margaret B. Lane.

13. The contract, existing between the plaintiff and defendant, is in no wise affected by any act of James S. Lane, unless it is proved that he was her agent; and any thing said by James S. Lane is not competent evidence in this case.

14. If the jury believe from the evidence, that the plaintiff has not complied with his contract, they will find for the defen—

dant, unless it is proved by the testimony, that he was prevented from a compliance with his contract by the act of the defendant or her agents.

15. It is incumbent on the plaintiff to prove that he has complied with his contract, unless he shows that he was prevented from doing so by the defendant or her agents.

16. If the jury believe from the evidence, that the plaintiff agreed to make and complete certain improvements and buildings on the lots named in the petition, before the amount or any part of the amount agreed on should be paid for the same, and that the plaintiff failed to comply with the covenants in said agreement, they will find for the defendant, unless they believe from the evidence, that he was prevented from compliance by the act of the defendant or her agents.

The defendant took no exception to the refusal of the court to give the above instructions. The cause being submitted to the jury, they found for the plaintiff the amount claimed, less the sum of $616 66; and the defendant, Margaret B. Lane, filed her motion for a new trial, which being overruled, she brings the cause to this court by appeal.

*J. R. Barret,* for appellant. 1. The written contract under seal, between Soulard and the trustees of Mrs. Lane, could not be varied or affected by parol instructions or agreements of her or her trustees. The court, therefore, erred in giving the third and fifth instructions asked by the plaintiff below. 2. Soulard, not having complied with the special agreement, either in time or manner, ought not to recover. 4 Mo. Rep. 481, *Helm* v. *Wilson.* Ib. 514, *Feagan* v. *Meredith.* 3. There being an express contract not rescinded or executed, no recovery could be had on a *quantum meruit.* Chitty on Con. 565. 8 Carr. & Payne, 126. *Stollings* v. *Sappington,* 8 Mo. Rep. 118. *Chambers* v. *King,* ib. 517. Selw. N. P. 71 (7 ed.) Bull. N. P. 139. 1 Wils. 117. *Hulle* v. *Heightman,* 2 East. 145. 4. The contract being entire, the party failing to perform is entitled to no remuneration. Chit. on Con. 570. 9 B. & C. 92, *Sinclair* v. *Bowles.* A sub-

stantial compliance not sufficient. 17 Maine, 316, *Hill* v. *School District.* 2 Fairfield, 346, *Jewett* v. *Weston.* 3 Penn. Rep. 445, *Shaw* v. *Turnpike.* 5. The deed to the trustees was never executed by Mrs. Lane or her husband. She, being a *feme covert*, was incapable of contracting, unless she had separate property—then, merely as to the separate estate. Roper on Husb. and Wife, 242–3, 30 Law Lib. 7 Paige, 9. A *feme covert* acts, with regard to her separate property, in all respects as a *feme sole*, but can she be regarded as a *feme sole* in contracting for the acquisition of separate property? Separate property of a *feme covert* may be charged with an indebtedness evidenced by a written instrument, but not by a parol promise. 2 Bright on Husb. and Wife, 517. 1 Madd. Ch. 469. 2 Atk. 379, *Clark* v. *Miller.* 6. An implied *assumpsit* cannot be raised against a *feme covert.* Batten on Contracts, 33 and authorities cited. Therefore, an acceptance of the deed of trust or taking possession of the property by Mrs. Lane, whilst under coverture, cannot bind her to the contract of purchase. 7. To decree a foreclosure in this case would be tantamount to granting a specific performance of the contract, which a party who has failed to perform has no right to ask. 2 Wheat. 290, 299, *Morgan's Heirs* v. *Morgan.* 3 Cow. 445, 505, *Seymour* v. *Delany.* 9 Yerg. 283, *Rew* v. *Noe, et al.* 3 Bibb, 52, *Turner* v. *Clay.* 1 Bibb, 590, *Greenup* v. *Strong.* 4 Pet. 311, *King* v. *Hamilton.* 2 Wheat. 336, *Colson* v. *Thompson.* 9 Cranch, 456, *Pratt* v. *Law.* 9 B. & C. 92, *Sinclair* v. *Bowles.* 3 Carr. & P. 144, *Parmeter* v. *Burrell.* 8. Soulard, having failed to make the improvements in the manner and by the time agreed on, cannot recover, because courts will not relieve against a broken condition precedent. *Crocker* v. *Goodsell*, 1 Scamm. R. 107. *Chouteau* v. *Russell*, 4 Mo. Rep. 553. 9. It is admitted that Mrs. Lane is not personally liable for the debt found by the jury, yet the amount of damages, assessed to her, has been deducted from the amount of the claim against the property. This

ought not to have been done. 10. The taking possession of the property was not an acceptance of the work, because defendants had a right to enter, immediately after Soulard executed the deed.

*Spalding & Shepley*, for respondent. 1. The first instruction was fully as favorable to the defendant as the law would allow. The suit was to subject the land to sale for the debt and not for a judgment against Mrs. Lane. This instruction allows the jury to deduct, by way of *recoupment*, any damages sustained by a failure to complete the work according to contract, if such failure was not caused by Mrs. Lane or her agents. *Sickles* v. *Fort*, 15 Wend. 559. In 8 Mees. & Wels. 871, 872, it was held that a defendant might show how much less the subject matter of action was worth, by reason of the breach of contract, but could not show damages for subsequent necessity of repairs. Where completion of work has been delayed or prevented by the plaintiff, he cannot recover damages. 3 Mees. & Wels. 389–90. Speculative damages cannot be recovered. 12 Mo. Rep. 313. Though the work be not done according to contract, yet, if the party accepts it, he is liable to pay its value. 7 Mo. Rep. 530. 2. The second instruction given for plaintiff was correct. Brown on actions at Law, p. 106–7, 43 vol. Law Lib. 3. The third instruction given for plaintiff was correct and supported by the evidence. It was shown that the husband of Mrs. Lane was her agent. It was also shown that she moved into the house long before the time fixed in the contract for its completion, and thus, with her family, injured, defaced and soiled the work and greatly delayed it. 4. The fourth instruction given for plaintiff asserts correct law. 7 Mo. Rep. 530. 3 Watts, 531. 5. The fifth instruction given for plaintiff contains a summary of the law applicable to the case. 6. The instructions asked by defendant and refused, so far as they were correct and applicable, were covered by the instructions given for plaintiff. Mrs. Lane, in her answer, did not set up her *coverture* at the time of the sale and contract, as a defence

Besides, her remaining in the house since she became a widow, up to this time, is a ratification of the contract, if it needed any. The plaintiff did not claim a judgment against her individually.

*Frémon & Reber*, for same. 1. Though Mrs. Lane is not liable personally, her estate is. The contract of a married woman, though void at law, is binding in equity. In equity, a married woman is considered a *feme sole*. 2 Story's Eq. 597. She may acquire separate property; ib. 606; and may dispose of it; ib. 614; and may charge it with her debts; ib. 627. *Dyett* v. *N. A. Coal Co.* 20 Wend. 570. *Murray* v. *Barlee*, 3 Mylne & Keene, 209, (9 Cond. Eng. Ch. R. 1.) A contract even between husband and wife, through the medium of trustees, is valid. 2 Story's Eq. 652. Clancy on Rights, 405. 14 Ohio Rep. 257. 2 Roper on Husband and Wife, 272. And she may acquire property from her husband. 2 Kent, 166. Much more from a stranger. It is expressly stipulated in the deed that the property should be liable and the trustees are authorized to sell, in case Mrs. Lane made default in the payments. 2. The completion of the improvements is not a condition precedent to the payment of the purchase money, as appellant supposes, but is a collateral matter, not going to the essence of the contract of sale. The law of the case is, that the purchaser shall pay the purchase money agreed upon, deducting whatever damages the defendant may have suffered, by reason of the plaintiff's failure to complete the improvements according to his agreement; but that, so far as the defendant and her agents caused such failure, she is not entitled to any deduction. The evidence shows that the contract was substantially fulfilled, and that the appellant accepted the work and retained possession of the property. She is, therefore, bound to pay the whole contract price, deducting the damages, as above stated. 2 Phill. on Ev. 108–9. 2 Greenl. Ev. 80. 7 Mo. Rep. 530. 7 Pick. 181. 8 ib. 178. 4 Cow. 564. 25 Wend. 665. 4 Taunt. 748. 3 Fairfield, 293. *Cutler* v. *Close*, 5 Carr. & Payne, 337 (24 E. C. L. R.)

*Ligget* v. *Smith*, 3 Watts, 331. Addison on Contracts, 197 *et seq*. 12 Mo. Rep. 313. As to the measure of damages when the contract is not strictly completed, see 7 Pick. 181. 12 Verm. 625. Even on a building contract, the builder may recover, when the failure does not go to the essence of the contract. Addison on Contracts, 197. 1 Hen. Black. note, p. 273. *Franklin* v. *Miller*, 4 Ad. & Ellis, 599. 25 Wend. 665. A contract may be waived or modified by parol. 4 Cow. 564. 9 Pick. 298.

GAMBLE, Judge, delivered the opinion of the court.

1. The judgment sought by the plaintiff, and actually given by the court, is a judgment subjecting the property to sale to pay the purchase money. Mrs. Lane, being a married woman at the time the plaintiff conveyed the property to the trustees for her benefit, assumed no personal obligation to pay the stipulated price, but the property itself stood as the only security to the plaintiff for its payment. The trustees held for his benefit until the money was paid, and were bound to enforce the payment by a sale, upon failure to pay. If the debt was satisfied, they were then to hold for Mrs. Lane's separate use. The whole interest acquired by Mrs. L., under this conveyance, was the right to the property, subject to the payment of the agreed price.

2. As the plaintiff bound himself to complete the improvements, then in progress upon the property, according to certain specifications and in a given time, any failure on his part to comply with his agreement, either in the quality of the materials, the character of the workmanship, or conformity to the plan, diminished the value of the premises to Mrs. Lane, and entitled her to ask that a deduction, equal to the loss thus sustained, should be made from the amount secured to the plaintiff in the conveyance, as the price of the property. To the extent that the sum to be raised by a sale of the property shall be reduced by this deduction, on account of the plaintiff's failure to comply with his agreement, will Mrs. L. be compensated for his default. To illustrate this, if the jury had regarded the

value of the improvements, in the manner in which they were completed, as $3000 less than their value if completed according to the plaintiff's agreement, then that sum was to be taken from the stipulated price, and Mrs. Lane would free the property from the plaintiff's incumbrance by the payment of that much less of the purchase money.

3. Considering the character of the case, and the relief prayed for in the petition and given by the court, the instructions given to the jury were altogether as favorable as the defendant could have hoped for. The last instruction, given at the request of the defendant, was altogether too strong in her favor. The plaintiff was seeking no judgment to bind her personally, but a mere enforcement of the trust contained in the conveyance, and yet this instruction would have debarred the plaintiff from having any payment of any part of the purchase money, if a failure was shown in complying with the agreement in any material particular, unless he proved that Mrs. Lane had prevented a compliance with the agreement, or had accepted the work. In such a case, the proper rule is, to reduce the amount to be satisfied out of the property, to the extent of the plaintiff's failure, and let him have satisfaction of such reduced sum. The instruction, as given, was only applicable to a case where a defendant was resisting a personal judgment, because of the plaintiff's failure to have work done according to a contract.

The fifth instruction, given at the request of the plaintiff, was a proper statement of the law applicable to the case. The judgment is, with the concurrence of the other Judges, affirmed.